## PACIFIC MAIL STEAMSHIP COMPANY *vs.* THE PACIFIC.

### July 27, 1906.

*Practice—Pleading—Allegation of ignorance:* A plea of ignorance, though technically an answer is rather a declaration of inability to answer. In an answer to a libel in admiralty ignorance may be pleaded to several

of the articles and allegations of the libel in one allegation applying to them all.

*Same—Same—Same*: It is unnecessary to state belief with an allegation of ignorance.

*Exceptions to answer—Pertinent allegations of libel:*   Exceptions to answer sustained for failure to answer pertinent allegations of the libel.

*Same:*   Exception to answer as a whole overruled, a portion of the specific exceptions being overruled and a portion sustained, and it being clear from the exceptions allowed that the answer is insufficient and requires amendment.

*Exceptions to interrogatories attached to insufficient answer:*   Exceptions to interrogatories appended to answer, sustained *pro forma*, the answer being insufficient and requiring amendment.

*In Admiralty*:   Exceptions to answer.

*Kinney, McClanahan & Derby,* Proctors for Libelant.
*E. M. Watson* and *Holmes & Stanley,* Proctors for Libellee.

Dole, J.   The libel in this case is for damages on account of injuries alleged to have been received by libelant through the propeller of one of its steam vessels fouling with a wire cable and chain lying on the bottom of the harbor at the port of Honolulu upon the occasion of the departure of such vessel for Japan, on the 10th of November, 1905.   The libel alleges that such cable belonged to and was used by the libellee, a dredger, in its work of dredging the harbor of Honolulu, and was cast overboard and dropped into the harbor for its own convenience in such dredging operations.   The North American Dredging Company filed its claim as owner of the libellee and also its answer, whereupon the libelant filed exceptions to such answer.

The first twelve articles of the answer and article 16 are excepted to as not conforming to admiralty rules 27 and 28, in that they are not full, explicit and distinct to each separate allegation of said articles and that they are evasive and conjunctive.

Rule 28 does not refer to the requirements of an answer but to the rights of a libelant as to exceptions.   Rule 27 provides

that "the answer shall be full and explicit and distinct to each separate article and separate allegation in the libel in the same order as numbered in the libel." This applies to admissions and denials rather than to a plea of ignorance, which is the plea made by the answer to the articles under consideration. In regard to such a plea the same reasoning does not apply as in case of admissions or denials, for if one is ignorant as to several facts he is ignorant as to each of them and no separate or disjunctive statement to that effect can make his allegation of ignorance any stronger or more complete. In the one case there is the admission or denial that certain allegations are true and this is affected by the relation of the subjects of such allegations to each other. Some of them may be true standing alone and not true as part of a statement connecting them with others. But where ignorance is pleaded to them all, does not that express ignorance of them separately also?

The view above expressed in regard to the plea of ignorance is borne out by some of Benedict's forms. For instance, in section 473 of the third edition, an answer alleges in its first article that the "respondent is ignorant of the matter contained in the first, fourth and fifth articles of the said libel, and as to the matters contained in the second and third articles of the said libel, he has no personal knowledge, but on information and belief he avers that the same are in a great part falsely alleged and that the truth is as hereafter alleged." There is no support to the contention of libelant's counsel that this form is intended for use in cases only where the value in dispute does not exceed fifty dollars. The same author, on page 485, gives a form of an answer in which each of the first two articles admit allegations in the first and second articles of the libel respectively and plead ignorance as to others. The admissions are explicit and disjunctive as are also the allegations of. ignorance, such separate allegations of ignorance being necessary for clearness from the circumstance that certain allegations in each article of the libel are admitted and certain others met by the plea of ignorance. I am satisfied that it is not required

by rule 27 that a plea of ignorance where applied to several articles and allegations of a libel should be separately made to each article and each allegation, but may be made once for all the articles of the libel to which it wholly applies. Although a plea of ignorance is technically an answer, it is not strictly an answer but rather a declaration of inability to answer.

Counsel for libelant suggests that with a plea of ignorance the claimant should be required to state his belief about some of the matters at least that it alleges it is ignorant of. This is not required in admiralty (*City of Salem,* 10 Fed. Rep. 843-844), and it is obvious that it must often happen that a libel contains allegations of fact in regard to which the respondent can have no belief.

Exceptions 13 and 14 applying to articles 13 and 14 of the libel are sustained, as such articles contain certain allegations of matters pertinent to the issue, to which no answers have been made.

Exception 15, referring to article 14 of the answer which purports to answer article 15 of the libel, is sustained on the ground mentioned in the exceptions, to-wit, that it fails to deny or admit certain of the allegations of such article 15 of the libel therein quoted.

Exception 16, referring to article 15 of the answer, answering article 16 of the libel, is sustained on the fourth ground of the exceptions, to wit, that it fails to deny or admit certain allegations of the libel therein quoted.

Exception 18, referring to article 18a of the libel is allowed on the ground that no answer is made to said article of the libel.

Article second of the answer contains a second allegation besides the one ruled upon, to which no exception has been taken. This is a denial of the allegation of jurisdiction contained in the libel. Although it is necessary that a libel should set fourth a case within the jurisdiction of the court it is not necessary that an allegation of jurisdiction should be made, though it is common practice to do so. It would appear how-

ever that where a respondent desires to avail himself of any special line of defence, he should offer it with proper averments supporting it.

Article 8 of the answer also contains a second allegation not included in the finding above made in regard to the exception to such article, which second allegation is excepted to. The allegation is the denial of the charge of "gross and culpable negligence and wrongful act of the libellee," through which, as claimed by the libel, the injuries complained of were caused. The exception to this is based on the failure of the answer to allege facts or circumstances showing or tending to show that the claimant was not guilty of such negligence. Counsel contends that negligence is a question of law, and a denial of a legal conclusion is a nullity. I doubt the correctness of this contention; "while negligence is usually an inference from the facts, it must be proved, and competent and sufficient evidence is as much required to prove it as to prove any other fact." *Patlon v. Southern Ry. Co.,* 82 Fed. Rep. 979, 980. "The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusions from them." *Nelson v. N. O. & N. E. R. Co.,* 100 Fed. Rep. 731, 737. The allegation of negligence is an allegation of a fact which the claimant has the right to deny without averments in support of such denial, if he chooses to do so. The exception to the allegation in question is therefore overruled. The same ruling applies to the fifth ground of exception 16, the article excepted to denying on information and belief certain statements of the libel alleging care and caution and absence of negligence on the part of the servants of the libelant.

Exception 19 to "claimant's answer as a whole on the ground that it is conjunctive, evasive and insufficient and fails to allege any facts or circumstances showing or tending to show a defence to the wronful act or acts charged and alleged in said libel" is overruled. The findings made show that the answer is partially in accordance with the admiralty rules and partially defective, and it is clear that it is insufficient and re-

quires amendment. The ground is, I think, sufficiently covered.

Under the findings as to the insufficiency of the answer, the exceptions to the interrogatories are sustained *pro forma.* The answer being insufficient, the right of the libellee to propose interrogatories has not yet accrued.